Good morning, Your Honors. My name is James Todd Bennett, and I'm representing Fernando Romero-Pineda, the Petitioner in this case. Could I ask you to speak up a little bit? I'm sorry, Your Honor. Can you hear me now? You bet. Thank you. Thanks. Pursuant to the 28J letter that Respondent has filed in this case, we now see yet another shift in the law that affects this case. And I have no quibble with the citations, perhaps, but the application of the citations as indicated in the 28J letter now suggests that the threshold issue in the post-briefing law would be whether the BIA's two orders, the one of September 26, 2006, which is the merits order, and the motion for summary judgment order of March 28, 2007, which barred Petitioner from relief on the basis of two out of three convictions, still so bars relief based on the change in the law, and if so, is a remand the appropriate remedy. And for further findings under another case cited by the 28J letter, Romero's Petitioner would be the 11379 of 1995 and then the statutory rape case of 261.5 in 1995 as well, which both antedate the AEDPA, and then the subsequent post-AEDPA conviction for 11377A. Now, Petitioner or Respondent's position apparently is that they concede that the 261.5 is no longer a deportable offense in any way, shape, or form, and no longer a bar to relief in any way, shape, or form, therefore taking out the gut of both decisions, because that is precisely the conviction on which the decisions are based. It's suggested that Galindo-Romero should preclude a remand, and this Court can consider de novo the conviction records that are in the record. However, and then also they cite Fernando Ruiz for reasons I'm not clear on, which is essentially a restrictive restriction on an ordinary remand rule. Controlling law, I think at this point, would be, for the remand issue, would be Romero's Vilalpando. It's not cited in the 28J for the purpose of remand, but it does clearly state that if the record, the court of appeals is restricted to the four squares of the orders that the BIA has issued. Now, in Romero's Vilalpando, you had a general statement in the record. We considered the conviction record, and we can consider documents that weren't precisely considered by the BIA, since the BIA made a general reference to those conviction records. Here we have a completely different situation. We have specific references to the 261.5, and then also the 11377A as being a further bar on relief in terms of a stacked relief under Gabrielski, which is an administrative law decision. So because of the four squares of the decision, depending on what is now conceded to be a non-removable and no-bar offense for relief, I submit that this case needs to be remanded under those principles. Well, but isn't the bottom line, we have a 1995 conviction, and that 1995 conviction may be an aggravated felony or it may not be. And what we're really looking at is, do we have enough evidence in this record based on what we have as authority to do? If it isn't based on evidence we can look at in this record, your client is finished. If it isn't an aggravated felony based on evidence we can look at in this record, then we might have to remand to see what goes on. Isn't that the real question? I... If we're really looking at the 1995 conviction based on what the government's done, and we've got to have proof of the 1995 conviction, and they're relying on an abstract judgment. Yes. And that abstract is admissible now under Snellenberger. However... Well, is it? Are you conceding that? Well, that's the argument. I'm sorry. That's the argument that's being made, is that it is admissible. Are you conceding it? As far as a complete conviction record, no. That's the perp that would be the reason for the remand as there are a number of reasons why a remand is appropriate. You haven't really answered my question. My worry is that the reason we're looking at Ramirez-Villapando is because that is the case which says whether we can use the abstract judgment or not. That's correct, Your Honor. But the problem under Villapando and the case cited by it, Asanoor, basically is this. If you have a decision that's made on the basis of specific part of the record as opposed to the general reference to the conviction record, had the BIA said, okay, based on this general, the conviction records before us, we find there's an aggravated felony here, and then up on appeal, you could consider any documents they didn't consider in arriving at that conclusion or the contrary conclusion. The problem here is they specifically say, we are relying on the 261.5 case. That is the aggravated felony, and they don't even mention the 11379. Now, under Marcos, it's still, I think, under Navidad-Marcos, still a divisible conviction. And that's part of the first fact-finding that the BIA has not engaged in, in terms of our – in terms of having it serve as a bar to relief. And I think the agency, in the first instance, needs to make that determination. Well, but Becker v. Gonzales says an alien convicted of an aggravated felony at any time is not eligible for cancellation. True. But he is eligible for 212C, because this is a pre-AEDPA conviction. I guess what I'm trying to figure out is if, if in fact we're going with the analysis of whether it's an aggravated felony or not, and it is, don't we lose jurisdiction? You would only lose jurisdiction in the case if, well, let's see. The 11379 might – would essentially not even be before the Court at this point. That's the problem. The 261.5 is before the Court, and it's conceded now that that's not a deportable or excludable or even a bar to relief. Our problem is, is the 11379 is not based on these two decisions as specifically worded in the specific reliance of the agency before the Court. Do you want to save any time for rebuttal? I'm sorry, Your Honor? Do you want to save any time for rebuttal? Yes. I would like to save two minutes. It's two minutes. Thank you. May it please the Court. My name is Mark Walters, and I'm representing the Attorney General. In the 30 months since this case was briefed, there have been a number of court decisions that have collectively and effectively simplified this case. As counsel pointed out, the sexual abuse of a minor charge cannot stand on this record because categorically it's no longer recognized to be an aggravated felony, and there's not evidence in this record that would supplement the – would allow a modified categorical approach. However, should there be a remand, we would urge the Court to leave open the ability to build a record for that now that the case law, intervening case law, suggests that it is needed. But the case is simple because that conviction doesn't even need to be paid attention to by the Court. This case quite simply turns on the two drug convictions. The 1995 conviction renders Mr. Pineda ineligible for cancellation of removal and removable. The 2005 conviction, which occurred after 212C was repealed, would make him inadmissible, and since he can no longer get a 212C waiver for that conviction, he would be ineligible to adjust his status. So the case is fairly simple. The remaining complication is the fact that the Board appears to have done a categorical analysis of Health and Safety Code 1170 – 11 – I'm missing the number. I know it ends in 79, but there's – is it 11379? Anyway, the 1995 conviction under California Health and Safety Code for trafficking in methamphetamine is resolvable without remand by this Court because the documents in the record show that it is, under the modified categorical approach, a removable offense. Those documents include not just an abstract of judgment, which is at the record at 672, but also an information, and those two things combined show that the conviction does qualify. Kennedy, you need then – you do need the abstract of judgment. Well, you said it was Ramirez-Felizbando? Yes, that it could be. And that case is not yet final? The Ramirez case? Well, we cited – we cited, yes, Ramirez-Felizbando. If that case is on rehearing, I apologize to the Court. I didn't say it was on rehearing. Okay. I said it's not final. There is a petition pending. There's a petition pending. Okay. I was not aware of that pending. Do you want us to wait until that becomes final? Well, that would – we would have no objection to that, Your Honor. Well, do you have any alternative to that? No. I think that would be a wise thing to do in this case if it would ultimately be final. Move from no objection to that would be wise? Yes. Okay. Yes. I think – Good move. I think – but I don't think remand is necessary for that reason. And I think the Court can look at these documents, even though the Board didn't find it necessary to, because the Court has jurisdiction to determine its own jurisdiction. And the Court has looked at the record before when the Board didn't even base its finding on an aggravated felony there. The Court has looked at it in order to resolve the jurisdictional issue. The second conviction has no problems with it at all. The 2005 conviction is an easy one because it postdates the repeal of 212C. Under 212C, under the adjustment statute, you have to be admissible. And under the rules of admissibility, if you're involved with a controlled substance violation, you're inadmissible and it can no longer be waived. So we don't recommend remand. However, should the Court disagree for any reason, either now or after the decision in Ramirez v. Alpondo comes down, then our fallback position is that it ought to be remanded. And let me just say why we cited that Fernandez-Ruiz-Gonzalez case. The Court has a history of not remanding cases like this, on the theory that if the agency had built the appropriate record, they had those documents. If they had wanted to do it, they could have done it. And having chosen not to do it, the Court is not going to send it back to the agency to redo the case under the modified categorical approach. In this case, virtually all the precedent in this case that the Board reasonably relied on or could have relied on in 2006 and 2007 has changed. And for that reason, under the Fernandez-Ruiz v. Gonzalez decision, that panel, the en banc court, actually left open the possibility that the Court could have done it. Kennedy, did all this occur after your brief? Yes. Well, that case didn't occur after our brief, necessarily. But you said there were two years' worth of changes in the law? Yes. Well, then it would seem to me if we — if Ramirez-Valospando doesn't dispose of it, we probably need some rebriefing. Well, you might, Your Honor. But I submit to you that everything you need to know about this case is contained in the third paragraph of the Board's first and the third paragraph of the Board's second decisions. And so I don't think — I think that they — those two — No cases since then affect it? Well, the cases — the cases do not affect — no, the cases do not undermine that aspect of the Board's decision. The only thing that's undermined somewhat is the categorical reliance on California Health and Safety Code 11379 — it comes back to me now — 11379A. But, again, that's curable simply by looking at this record, not rebriefing or remand. All right. Thank you, counsel. Thank you, Your Honor. Yes, Your Honors. First of all, I would agree that the disposition of Ramirez-Valospando would be important in the disposition of this case. However, I would note that the 11379 was never referenced in either of the two decisions that are on review in this case. So how, by editing the opinion, if you will, as suggested by counsel, would   some sort of disposition on the basis of — of simply by eliminating the two sentences doesn't make any sense. I don't think it's possible, even if the Court could edit the opinion. I have no further thought for your presentation unless there's any questions. Thank you, counsel. The case is adjourned and will be submitted.
judges: Reinhardt, Hawkins, Smith N. R.